UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSE RESENDEZ, | ) |
| | ) Case No.: |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SHANE PRANCE, THOMAS ALBANO | ) |
| AND PURDUE UNIVERSITY-NORTH CENTRAL | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiff Jose Resendez and complains against Defendants Shane Prance, Thomas Albano and Purdue University-North Central as follows:

### VENUE AND JURISDICTION

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, and supplemental jurisdiction under 28 U.S.C. § 1367.

2. Venue is proper under 28 U.S.C. § 1391 in that the claim alleged herein arose in and the location of the Defendants are in LaPorte County, Indiana, within the Northern District of Indiana, South Bend Division.

### PARTIES AND RECITALS

3. Plaintiff Jose Resendez (hereinafter, "Resendez") is an individual residing in LaPorte County, Indiana.

4. At all times relevant, Resendez was a baseball player on the baseball team at Purdue University—North Central ("PNC").

5. PNC is an institution of higher education which receives federal financial assistance for many of its programs and activities.

1

6. Resendez is of Hispanic heritage, specifically Mexican, and is brown-skinned and darker complicated, typical of his heritage.

7. Defendant Shane Prance (hereinafter, "Prance") is an individual residing in LaPorte County, Indiana.

8. At all times relevant, Prance was the head coach of the PNC baseball team and an employee of PNC.

9. Prance is white or Caucasian.

10. Defendant Thomas Albano (hereinafter, "Albano") is an individual residing in LaPorte County, Indiana.

11. At all times relevant, Albano was the athletic director at PNC and an employee of PNC.

12. Albano is white or Caucasian.

13. John Weber (hereinafter, "Dean Weber") is an individual residing in LaPorte County, Indiana.

14. At all times relevant, Weber was the dean of students at PNC and an employee of PNC.

15. Dean Weber is not being sued.

16. All of the allegations stated herein took place in LaPorte County, Indiana.

## FACTUAL ALLEGATIONS

17. On August 26, 2013, Resendez enrolled as a student at PNC.

18. In exchange for the paying of the tuition, Resendez expected to be treated in a manner free of racial discrimination.

19. At all times relevant, Resendez was current or up-to-date on his tuition payments.

20. In 2014, Resendez earned a spot on the PNC baseball team.

2

21. During the 2014-2015 season, Resendez belonged to and played for the PNC baseball team and was a committed member of the team, attending practices, improving skills and doing everything they were told to improve their performance on the baseball field.

22. On March 19, 2015, Prance directed a racially derogatory comment to Resendez, specifically, "I don't want to deal with campus police saying a Mexican with a beard is jumping the fence and causing trouble on the field, Jay that was directed to you."

23. On March 30, 2015, Prance called, without provocation, Resendez a "pussy" and "a lazy piece of shit."

24. A verbal altercation occurred as a result between Resendez and Prance.

25. However, no physical contact was made between Resendez and Prance.

26. On March 31, 2015, Prance forced Resendez to run two (2) hours straight during practice, while other players practiced (i.e. by not running).

27. Resendez's father, called Coach Prance, and during the phone conversation stated that during the altercation on March 30, 2015 Resendez had attacked him and chest-bumped him 4-5 times.

28. On April 14, 2015, Prance called the LaPorte County Sheriff's Office to report that while lying in bed that a paint ball gun was being fired at his house and that he could hear the paint balls hitting the house.  A true and accurate copy of the record of this report is attached as **Exhibit 1** hereto.

29. Prance further reported that he saw Resendez's girlfriend's vehicle parked in front of his residence for which he recognized, and then a short time thereafter, he noted the vehicle returned and that he noticed Resendez was driving.

30. The allegations in the police report with respect to Resendez are all false.

31. Resendez was in LaPorte, Indiana with his girlfriend and roommate at the time of the alleged incident involved Resendez as identified above and in the police report.

32. Prance resides in Westville, Indiana.

33. Upon being notified by the police of Prance's allegations, Resendez offered to let the police officer search the vehicle and his apartment for a paintball gun.

34. Prance also stated to Albano that Resendez physically assaulted him by charging and bumping into him.

35. Dean Weber met with Resendez regarding Prance's allegations and directed Resendez to pull out his phone to show him he was not being recorded.

36. Albano investigated Prance's allegations regarding being physical assaulted by Resendez and found them to be false.

37. Despite the falsity of Prance's allegations, Resendez was suspended for the incident on March 30, 2015.

38. Additionally, PNC, including PNC police, did not file false reporting charges or take any other action against Prance for his utterly false allegations.

39. Resendez was treated differently from other similarly situated on the baseball team because of his race.

40. One white player on the PNC baseball team has multiple arrests for battery and driving while intoxicated, yet was only suspended for 10 games.

41. Multiple white players have been found to have resisted arrest, yet they were not suspended.

**COUNT 1: VIOLATION OF TITLE VI—RACE DISCRIMINATION IN EDUCATION**
(Prance, Albano and PNC)

42. Defendants actions constitute race discrimination in violation of Title VI, 42 U.S.C. § 2000d.

**COUNT 2: VIOLATION OF 42 U.S.C. § 1983—EQUAL PROTECTION**
(Prance, Albano and PNC)

43. Defendants actions constitute a violation of Resendez's rights under the Equal Protection clause of the Fourteenth Amendment by treating non-white student-athletes differently from white student-athletes.

**COUNT 3: DEFAMATION**
(Prance)

44. Prance's actions constitute defamation under Indiana state law.

**COUNT 4: DEFAMATION PER SE**
(Prance)

45. Prance's actions constitute defamation per se under Indiana state law.

**COUNT 5: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
(Prance)

46. Prance's action constitute intentional infliction of emotional distress under Indiana state law.

**RESERVATION OF RIGHTS**

47. Plaintiff reserves the right to proceed with any and all claims which the facts averred in this complaint support, pursuant to the notice pleading requirement of F.R.C.P. 8.

**WHEREFORE**, Plaintiff respectfully request this Court to enter judgment in favor of him on all counts of this Complaint, award him compensatory damages and punitive damages as well as litigation costs, and grant him such other and further relief as this Court deems just under

the circumstances, including, but not limited to, a public apology, attorney's fees, and pre- and post-judgment interest.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury in this action to the fullest extent permitted by law.

Date:   12/16/2016                         Respectfully submitted,

*s/ Andrea Ciobanu*
Andrea L. Ciobanu, #28942-49
CIOBANU LAW, P.C.
8910 Purdue Road, Suite 240
Indianapolis, IN 46268
Phone: (317) 495-1090
Fax: (866) 841-2071
Email: aciobanu@ciobanulaw.com